IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alfred Redwine, | ) | C/A No.: 2:14-cv-4558-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Petitioner Alfred Redwine, proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondent filed a Memorandum in support of and Motion for Summary Judgment on February 20, 2015. (ECF Nos. 27, 28). The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by Magistrate Judge Mary Gordon Baker, to whom this case was previously assigned. (ECF No. 59). In the Report, the Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss the § 2254 petition. (Id.). Petitioner filed objections to the Report on August 10, 2015. (ECF No. 64).

In conducting its review of the Report and the objections, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

1

> judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. As noted in the § 2254 petition, both of Petitioner's claims relate to a Schmerber hearing held in state court. Petitioner alleges that had his counsel obtained the Schmerber transcript, Petitioner would have gone to trial rather than plead guilty. The Court has reviewed the Schmerber transcript, which indicates that Petitioner's DNA connects the Petitioner to the crime to which he pled. (See ECF No. 1-2). The Petitioner was present at the Schmerber hearing. (ECF No. 59 at 6). The transcript supports a conclusion that the DNA evidence independently – and in addition to other evidence – was incriminating beyond a reasonable doubt. (ECF No. 1-2). Moreover, the record reflects that Petitioner's plea counsel investigated whether the Schmerber hearing offered evidence in the Petitioner's favor; however, a DNA expert indicated that the Government's DNA evidence had no problems. (ECF No. 59 at 7). As well, counsel indicated that even without the DNA evidence, other evidence against the Petitioner was sufficient to connect him to the crime. (See id.). Additionally, counsel indicated that the DNA evidence was not a deciding factor in the Petitioner's decision to plea guilty. (Id.). Finally, the Court notes that the Magistrate Judge carefully worked through the Petitioner's plea colloquy in the Report, finding that Petitioner indicated a full understanding of his rights and that the Petitioner still desired to plea guilty of his own free will. (ECF No. 59 at 14). Petitioner fully

admitted his guilt in connection with the facts presented at the plea hearing before the state judge. (Id.). The Petitioner also indicated he was satisfied with his counsel's representation, that he fully discussed the case with counsel, and that counsel had done all he was asked to do in preparation for the entry of the plea. (ECF No. 27-1 at 7-8). As well, the Petitioner indicated counsel had shared all the evidence with him and that he was satisfied with the advice of counsel. (Id.).

For these reasons, after careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. (ECF No. 59). The Petitioner's objections (ECF No. 64) are **OVERRULED**. The Respondent's motion for summary judgment (ECF No. 28) is **GRANTED** and the Petitioner's § 2254 Petition (ECF No. 1) is **DISMISSED**.

The Court has reviewed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

September 9, 2015
Columbia, South Carolina

3